IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES, | ) |
| v. | ) Crim. No. 1:21cr134 |
| MARK SAHADY, Defendant. | ) |

DEFENDANT'S MOTION FOR CLARIFICATION

Defendant Mark Sahady, by counsel, respectfully requests that the Court clarify that Defendant is no longer bound by the terms of the Order Setting Conditions of Release issued by the United States District Court for the District of Massachusetts on January 21, 2021 (attached) and is instead exclusively bound by the Order of Conditions of Release issued by this Court on February 11, 2021 (Doc. 8)

In order to avoid confusion, needless duplication of effort and because terms attending a judicial proceeding logically should spring from the venue of the proceeding, Defendant's conditions of release during the pendency of his misdemeanor charges should be the exclusive province of the court adjudicating him – i.e., this Court.

Moreover, the Massachusetts order contains restrictions unnecessary, unenforceable and inappropriate. For example, how does one "stay away" from the Massachusetts State House? Boston's subway, the "T," traverses the substrata beneath the State House. Would Defendant violate the order by taking that line of the T? The State House is adjacent to the Boston Commons – home to aggressive geese and frequented by city residents and visitors alike. Did the Massachusetts court intend to bar Defendant from this popular and storied public space? Additionally, the Massachusetts court offers absolutely no justification for abridging Defendant's

First Amendment rights with its order that Defendant not "attend or organize any public demonstrations/rallies/protests." Nor does the Massachusetts court attempt to define such a gathering. The impenetrable vagueness of these provisions invites arbitrary enforcement.

Finally, the Massachusetts order is unnecessarily restrictive of Defendant's travel. The order forbids travel outside Massachusetts for any reason with the sole exception of travel to Washington, D,C. for purposes of this case – which nonetheless is permissible only with prior permission of Pretrial Services. The record offers no justification for this casual abridgement of Defendant's Fifth and Sixth Amendment rights. Nor does Defendant's record of compliance to date suggest that any such justification exists. This Court's requirement of a telephone message to Defendant's D.C. pretrial officer in advance of any (foreseeably frequent) travel outside Massachusetts will more than meet the needs of public safety and judicial enforcement.

The needs of justice are more than met by this Court's Order Setting Conditions of Release which should supplant in its entirety the preceding order of the Massachusetts court.

Respectfully Submitted,

MARK SAHADY
By Counsel
_____/s/_____
John C. Kiyonaga
600 Cameron Street
Alexandria, Virginia 22314
Telephone: (703) 739-0009
Facsimile: (703) 340-1642
E-mail: john@johnckiyonagaa.com

Counsel for the Defendant

Certificate of Electronic Service

I hereby certify that on June 8, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, with consequent service on all parties.
_____/s/_____
John C. Kiyonaga