IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

_____

UNITED STATES,                          )
                                        )
        v.                              )        Crim. No. 21cr134
                                        )        Hon. Carl J. Nichols
MARK SAHADY,                            )
        Defendant.                      )
_____)

DEFENDANT'S AMENDED REPLY TO
GOVERNMENT OPPOSITION TO MOTION TO COMPEL

Comes now Defendant Mark Sahady, by counsel, and files this reply to Government's

Opposition to Motion to Compel.

On November 17, 2021, Defendant moved the Court for leave to adopt the "Motion to

Compel Discovery in Support of Claim of Selective Prosecution" (ECF 138) made by Defendant

David Lee Judd in United States v. McCaughey, et al., DDC Case No. 21cr40.

In its Opposition, the Government argues that Defendant should be not be permitted to

join Mr. Judd's motion as he and Judd are charged with dissimilar crimes, and that Defendant's

motion should independently fail as he is not charged with crimes similar to those with which the

Oregon protestors could have been charged.  Opp. at 8-9.

The Government's arguments are of the same species -- that is Defendant cannot seek

discovery as to a selective prosecution claim where Defendant's circumstances are not identical

to a named individual not subject to prosecution.  But the Government's argument does not

account for either the unprecedented nature of the Government's prosecution or the degree of

coordination in its January 6th charging decisions.

First, the unprecedented nature of the Government's prosecution.  At last count, the Government has brought charges against nearly 700 January 6th protestors.  This is unprecedented (the Government uses the term *sui generis* as if this is a defense).  But this can hardly serve as a defense.  Indeed, it would be illogical for a test designed to hold the Government to account to be weaker the more brazen is the Government's conduct.

Second, the coordination of the Government's charging decisions.  The Government argues that Defendant should not be permitted to adopt Mr. Judd's motion to compel and thereby rely on the disparate charging decisions outlined therein.  But, this again, ignores the unique circumstances before the Court.  Every indication suggests that DOJ Main justice rather than line prosecutors are making the charging decisions for these 700 defendants.  As such, if an impermissible discriminatory purpose drove the prosecution decisions outlined by Mr. Judd's motion, it is only logical that, at least as far as the presumption of regularity goes for discovery purposes, the same decision-maker would have the same animus when making charging decisions related to Defendant.

The Government relies on Armstrong to argue that the Court should deny Defendant's motion to adopt.  Armstrong, however, is silent as to the issue here -- whether evidence of impermissible animus by a prosecutor in one instance can be used in another instance where the same prosecutor in the same context made a charging decision.

In United States v. Armstrong, the Supreme Court confirmed that a prosecutor's discretion "may not be based on 'an unjustifiable standard such as race, religion, or other arbitrary classification'" and addressed the standard that must be met to obtain discovery in a selective prosecution claim. 517 U.S. 456, 465 & 469 (1996).  The Supreme Court concluded

that to establish entitlement to discovery on a claim of selective prosecution the defendant must make "a credible showing of different treatment of similarly situated persons." *Id.* at 470.

Armstrong's discovery test is a tool, and a tool's use should be informed by its purpose. Armstrong's test is designed to mediate two concerns – that inquiry into the prosecutor's motive encroaches on the special province of the executive and the right of the Defendant not to be subjected to a federal prosecutorial policy that "had a discriminatory effect and … was motivated by a discriminatory purpose." *Id.* at 465 (quoting Wayte v. United States, 470 U.S. 598, 608 (1985)).  In this instance, Armstrong's purpose is furthered by permitting Defendant to proffer as "credible showing of different treatment of similarly situated persons," *id.* at 470, the disparate charging decisions between the January 6th protestors and the Portland, Oregon protestors as set out in Mr. Judd's Motion to Compel Discovery.  Permitting such a proffer does not lead to any additional encroachment on executive decision-making while still protecting against the consequences of charging decisions driven by discriminatory purpose.

WHEREFORE the Court should grant Defendant's Motion to adopt and further grant Mr. Judd's Motion to Compel as to Defendant.

Respectfully Submitted,

MARK SAHADY
By Counsel

_____/s/_____
John C. Kiyonaga
600 Cameron Street
Alexandria, VA 22314
Phone: 703-739-0009
Fax: 703-340-1642
Email: john@johnckiyonaga.com

Counsel for Defendant

Certificate of Electronic Service

    I hereby certify that on December 14, 2021, I electronically filed the foregoing Amended Reply with the Clerk of Court using the CM/ECF System, with consequent service on all parties.

_____/s/_____
John C. Kiyonaga