IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 1:21-cr-00134 |
| MARK SAHADY, | |
| Defendant. | |

### MR. SAHADY'S OPPOSITION TO UNITED STATES' MOTION IN LIMINE REGARDING CROSS-EXAMINATION OF U.S. SECRET SERVICE WITNESS

Defendant Mark Sahady ("Mr. Sahady"), by and through his undersigned counsel, files this Opposition to the government's Motion in Limine regarding cross-examination of a U.S. Secret Service witness. *See* ECF No. 53 ("Motion").

### ARGUMENT

In its Motion in Limine, the government moves to foreclose the defense from "questioning [a witness from the United States Secret Service] about the following: [1] Secret Service protocols related to the locations where protectees or their motorcades are taken at the Capitol or other government buildings when emergencies occur; [2] Details about the nature of Secret Service protective details, such as the number and type of agents the Secret Service assigns to protectees." *Motion* at 2. At this time, without the benefit of knowing precisely what the government witness will testify to, and without the benefit of having fully finalized Mr. Sahady's defense, Mr. Sahady does not oppose these two specific limitation requests made by the government in its Motion.[1]

---

[1] In the event that undersigned eventually uncovers a legitimate and relevant reason for questions pertaining to these issues, undersigned reserves the right to move the Court to reconsider its decision on this limitation.

However, the government later argues in its Motion that, "[s]hould the Court determine that a hearing is necessary to assess the admissibility of testimony by a Secret Service witness, the government requests the hearing be conducted in camera and ex parte." *Motion* at 5. Mr. Sahady opposes the government's broad and general request for an *ex parte* hearing, should one be necessary.

It is without question that "*ex parte* proceedings should be employed to resolve discovery disputes only in extraordinary circumstances." *Gilmore v. Palestinian Interim Self-Government Auth.*, 843 F.3d 958, 967 (D.C. Cir. 2016). The circumstances must be extraordinary because the "openness of judicial proceedings serves to preserve both the appearance and the reality of fairness in the adjudications of United States courts." *Abourezk v. Reagan*, 785 F.2d 1043, 1060–61 (D.C. Cir. 1986). The D.C. Circuit has clarified that to be an "extraordinary circumstances" there must be a "need for secrecy in light of the substantial adverse consequences of disclosure." *Gilmore*, 843 F.3d at 967.

The government has not its burden to demonstrate that an *ex parte* proceedings should be employed. First, the government has offered absolutely no specific evidence to support the argument that there are "substantial adverse consequences" if undersigned counsel is permitted to hear information that the government cannot even identify at this time. Indeed, Mr. Sahady is neither seeking information such as "intelligence materials generated in the midst of a geopolitical conflict," nor "presidential materials"—the type of information that has previously been protected by *ex parte* hearings. *See Motion* at 5.

Second, each criminal case that the government cites in support of its request are from cases outside of this Circuit, and from over forty years ago. *See Motion* at 5. The government has not cited a single case which demonstrates that the government, in a criminal matter, may conduct

an *ex parte* hearing regarding information that is not even known or identified at this time. *Id.* This is because such a blanket holding requiring an *ex parte* proceeding would be entirely inappropriate at this stage without more specific information proffered from the government. *See United States v. Kampiles*, 609 F.2d 1233, 1248 (7th Cir. 1979) (holding that an *ex parte* proceeding was proper only once the government made a specific showing regarding a specific question asked, such as when it "advised the court that allowing defense counsel to question CIA employee Bruce Solie on the origins of the prior investigation could precipitate disclosure of national security information.").

## CONCLUSION

For these reasons, Mr. Sahady requests that this Court deny the government's broad and general request for an *ex parte* hearing, should one be necessary.

Respectfully submitted, the 3rd day of April, 2023.

/s/ Blake A. Weiner
Blake A. Weiner, VA Bar No. 94087
BLAKE WEINER LAW, PLLC
1806 Summit Avenue, Suite 300
Richmond, VA 23230
Telephone: (804) 482-1465
Email: bweiner@blakeweinerlaw.com
*Counsel for Mr. Sahady*