**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 1:21-cr-00134 |
| MARK SAHADY, | |
| Defendant. | |

**MR. SAHADY'S OPPOSITION TO UNITED STATES' MOTION IN LIMINE TO PRECLUDE ARGUMENTS AND EVIDENCE ABOUT ALLEGED LAW ENFORCEMENT INACTION**

Defendant Mark Sahady ("Mr. Sahady") by and through his undersigned counsel, files this Opposition to the government's Motion in Limine to preclude arguments and evidence about alleged law enforcement inaction. *See* ECF No. 54 ("Motion").

**ARGUMENT**

In its Motion in Limine, the government makes three arguments. First, it argues that Mr. Sahady should be precluded from "arguing any entrapment by estoppel defense related to law enforcement." *Motion* at 1. Second, it argues that Mr. Sahady should be precluded from "offering evidence or argument concerning any claim that by allegedly failing to act, law enforcement made the defendant's entry into the United States Capitol building or grounds or their conduct therein lawful." *Id.* Third, and finally, it argues that Mr. Sahady should be precluded from "arguing or presenting evidence of alleged inaction by law enforcement officers unless the defendant specifically observed or was otherwise aware of such conduct." *Id.* Mr. Sahady will address each argument in turn.

1

I.      **The Government Confuses the Issue, and Improperly Broadens the Entrapment by Estoppel Defense**

The government first argues that Mr. Sahady should be precluded from "arguing any entrapment by estoppel defense related to law enforcement." *Motion* at 1. First, this motion is premature, as this Court has held in other January 6 matters. *See United States v. Carpenter*, No. 21-305 (JEB), 2023 U.S. Dist. LEXIS 21774, at *7-8 (D.D.C. Feb. 9, 2023) (the "Government also seeks to preclude the defense 'from arguing that any failure to act by law enforcement' to prevent protesters from entering the Capitol 'rendered [his] conduct legal.' On this point, the Court agrees with Defendant that such a ruling would be premature and should await the presentation of evidence at trial.").

Second, even if the motion was not premature, and even if the Court held that Mr. Sahady could not introduce or argue an entrapment by estoppel defense, the government improperly broadens the relief requested. The government asserts that Mr. Sahady "should be prohibited from making arguments or attempting to introduce evidence that law enforcement permitted the defendant to enter, and later leave, the U.S. Capitol without consequence." *Motion* at 2. Of course, this prohibition would go far beyond forbidding Mr. Sahady to introduce or argue an entrapment by estoppel defense. Rather, if Mr. Sahady is "prohibited from making arguments or attempting to introduce evidence that law enforcement permitted the defendant to enter, and later leave, the U.S. Capitol without consequence," the Court would be prohibiting Mr. Sahady from introducing any evidence that would demonstrate he did not have the knowledge or intent necessary to have violated the charges against him. This prohibition would violate Mr. Sahady's constitutional rights. *See*, e.g, *United States v. Jones*, 200 F. App'x 231, 232 (4th Cir. 2006) ("Defendants have a constitutional right to present evidence in their favor").

At this time Mr. Sahady is charged with Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1), Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2), Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D), and Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G). *See* ECF No. 57. By virtue of these charges, the government must prove Mr. Sahady *knew* he was not permitted to enter the U.S. capitol. *See*, e.g., 18 U.S.C. § 1752(a)(2) ("knowingly, and with intent…"). Of course, evidence that law enforcement permitted Mr. Sahady to enter, and later leave, the U.S. Capitol without consequence is evidence which negates that Mr. Sahady had the requisite knowledge and/or intent, regardless of whether Mr. Sahady is making an entrapment by estoppel argument. Stated another way, Mr. Sahady can certainly "argue or attempt[] to introduce evidence that law enforcement permitted [him] to enter, and later leave, the U.S. Capitol without consequence" without raising an entrapment by estoppel defense. Thus, the government's argument that Mr. Sahady should be restricted from introducing this evidence or argument simply because he cannot establish an entrapment by estoppel defense would be a logical fallacy. Consequently, Mr. Sahady should certainly be permitted to "mak[e] arguments or … introduce evidence that law enforcement permitted [him] to enter, and later leave, the U.S. Capitol without consequence," as it is evidence that he did not possess the requisite mens rea to commit the crimes he is charged with.[1] *See United States v. Grider*, No. 21-022 (CKK), 2022 U.S. Dist. LEXIS 136322, at *9 (D.D.C. Aug. 1, 2022) (holding that while the court will "not instruct the jury on a defense of entrapment by estoppel," the relevant statements or actions from the

---

[1]     Mr. Sahady asserts the same Opposition with respect to Section II of the government's Motion. *See Motion* at 6.

government employee may still be admissible for other purposes). Indeed, the government later admits this relevance in its Motion. *See Motion* at 6.

## II.   As the Government Admits, Whether Law Enforcement Permitted Mr. Sahady to Enter, and Later Leave, the U.S. Capitol Without Consequence Is Relevant

Despite arguing for pages that Mr. Sahady should not be permitted to make arguments or "introduce evidence that law enforcement permitted [him] to enter, and later leave, the U.S. Capitol without consequence," the government eventually admits that Mr. Sahady of course should be permitted to do so. Specifically, the government admits that Mr. Sahady should be permitted to do so because these facts are "relevant to [Mr. Sahady's] state of mind on January 6, 2021." *See Motion* at 6. However, the government improperly attempts to turn a motion in limine into a motion to conduct a mini-trial in order to prepare for all defenses and Mr. Sahady's potential testimony, if any. Specifically, the government states that Mr. Sahady must affirmatively "show[] that he specifically observed or was aware of the alleged inaction by the police when he committed the offenses charged in the Superseding Information." *Motion* at 7. There are multiple flaws with this argument.

First, the government inappropriately shifts the burden of proof. Mr. Sahady has no obligation to testify in this criminal case or present any evidence. It is therefore completely inappropriate to force Mr. Sahady to present his own evidence now in order to make arguments or ask questions based on the government's evidence, which may demonstrate that Mr. Sahady is not guilty of the charges against him. Second, the government does not cite to any authority in support of this argument that Mr. Sahady must affirmatively make this demonstration at this time. *See Motion* at 6–7. Third, the government already admits that it has this information it demands from Mr. Sahady. For example, the government stated in its Motion that "[l]ess than three minutes later, when the defendant entered through the Parliamentarian Door, there were

still no law enforcement officers present in the immediate vicinity of the exterior or interior of the Parliamentarian Door and the surrounding area of the Northwest Courtyard." *See Motion* at 4. Thus, the government admits to this Court in its filings that it has evidence Mr. Sahady entered the U.S. Capitol doors with no police stopping him or acting, which is of course sufficient evidence to demonstrate that Mr. Sahady was aware of the alleged inaction by the police.[2] *See United States v. Rhine*, No. 21-0687 (RC), 2023 U.S. Dist. LEXIS 27764, at *34-35 (D.D.C. Feb. 17, 2023) ("evidence of law enforcement inaction or removal of barriers is relevant and admissible … to the extent that Defendant … reasonably could have perceived it, or that it occurred in close proximity to the locations where Defendant is alleged to have entered or been in the Capitol before he was there[.]").

Yet, despite this information and evidence, the government is still asking that Mr. Sahady make more of a showing that he was aware of police inaction. This Court in another matter has already stated this is unnecessary. *See United States v. Oliveras*, No. 21-738 (BAH), 2023 U.S. Dist. LEXIS 7805, at *5 (D.D.C. Jan. 17, 2023) (stating that the defendant can establish his awareness of the alleged permissiveness by "using other evidence to show that [he] was adequately nearby the alleged inaction at the correct time to have perceived and understood such permissiveness as giving him permission to enter the Capitol.").[3] Regardless, Mr. Sahady can even make this additional showing. The government is in possession of the below photographs, which show Mr. Sahady in the U.S. Capitol, in front of law enforcement, who are simply standing and taking no action.

---

[2]     It is crucial to note that the government, in support of other arguments, attaches multiple photographs in its brief that do not include Mr. Sahady. *See Motion* at 3–4.

[3]     Even if this Court still finds this insufficient, it should reserve ruling on this issue until Mr. Sahady has the opportunity to make "a good faith proffer outside the presence of the jury." *Oliveras*, 2023 U.S. Dist. LEXIS 7805, at *5.



*Figure 1: Screenshot Provided by Government*



*Figure 2: Screenshot Provided by Government*



*Figure 3: Screenshot Provided by Government*

Consequently, with these photographs, the government is already aware that Mr. Sahady "specifically observed or was aware of the alleged inaction by the police when he committed the [alleged] offenses charged in the Superseding Information." *Motion* at 7. Thus, Mr. Sahady should be permitted to make arguments or introduce evidence that law enforcement permitted him to enter, and later leave, the U.S. Capitol without consequence, as it is relevant to his state of mind, knowledge, and intent.

## CONCLUSION

Accordingly, Mr. Sahady requests that this Court deny the government's Motion in Limine to preclude arguments and evidence about alleged law enforcement inaction.

Respectfully submitted, the 3rd day of April, 2023.

*/s/ Blake A. Weiner*
Blake A. Weiner, VA Bar No. 94087
BLAKE WEINER LAW, PLLC

1806 Summit Avenue, Suite 300
Richmond, VA 23230
Telephone: (804) 482-1465
Email: bweiner@blakeweinerlaw.com
*Counsel for Mr. Sahady*