THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

           Plaintiff,

   v.

MARK SAHADY,

           Defendant.

Case No. 1:21-cr-00134 (CJN)

## MR. SAHADY'S MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT

Comes now, Mark Sahady, by and through his undersigned counsel, and moves this Court pursuant to Fed.R.Crim.P. 12(b), 18 U.S.C. §§3161 et seq., and the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution to dismiss Counts One and Five of the Indictment. These charges, respectively, alleged that Mr. Sahady "attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, specifically, Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. §§ 15–18," in violation of 18 U.S.C. § 1512(c)(2) and 18 U.S.C. § 2, and that he "paraded, demonstrated, and picketed in any United States Capitol Building" in violation of 40 U.S.C. § 5104(e)(2)(G). ECF No. 65.

### FACTUAL AND PROCEDURAL BACKGROUND

On February 19, 2021, Mr. Sahady was charged by way of Information with three misdemeanors for his alleged acts on January 6, 2021. ECF No. 9. Specifically, Mr. Sahady was charged with Entering and Remaining in a Restricted Building or Grounds, in violation of Title 18, U.S.C. § 1752(a)(1), Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in

1

violation of Title 18, U.S.C. § 1752(a)(2), and Disorderly Conduct in a Capitol Building, in violation of Title 40, U.S.C. § 5104(e)(2)(D). *Id.*

As has been extensively covered by the media, on January 6, 2021, Mr. Sahady along with other January 6 defendants were protesting the November 2020 presidential election, where Democrat Joe Biden was declared the winner over incumbent Republican Donald Trump. ECF No. 1-1. Many individuals, including Mr. Sahady, are alleged to have entered the United States Capitol building during a protest of the presidential election results. *See id.* The government alleges that Mr. Sahady was an individual "inside the U.S. Capitol building without authority to be there," and that Mr. Sahady generally was not acting orderly while he was inside the Capitol. ECF No. 1-1 at 2-6.

On March 22, 2022, the government filed a First Superseding Information. ECF No. 37. The First Superseding Information did not amend the code sections, or add Counts, but rather merely amended the language providing a basis of the charges. *Id.* Trial was then set for April 17, 2023. *See* ECF No. 46. The government then re-extended a plea offer, which had an expiration date of February 24, 2023. Mr. Sahady did not accept the plea offer.

On March 22, 2023, less than four weeks before the April 17 trial date, just weeks after the plea offer expired, and after the motion deadlines had passed, the government filed a Second Superseding Information. ECF No. 57. In this Second Superseding Information, the government added an additional Count against Mr. Sahady: Parading, Demonstrating, or Picketing in a Capitol Building, in violation of Title 40, U.S.C. § 5104(e)(2)(G). *See* ECF No. 57. This added Count appears to be based on the same conduct and facts that the government has been aware of since the government filed its First Information over two years ago on February 19, 2021. The parties agreed to continue trial and amend the pretrial scheduling order to allow Mr. Sahady time to submit his Motion to Dismiss on or before April 7, 2023. *See* ECF Nos. 59, 60; *Minute Entry*, March 29, 2023.

Subsequently, before Mr. Sahady filed his Motion to Dismiss on April 7, 2023, the government filed an Indictment adding yet another charge—a felony: 18 U.S.C. § 1512(c)(2) ("Count One"). *See* ECF No. 65. Mr. Sahady then moved to dismiss Count Four of the Second Superseding Information, arguing that 40 U.S.C. § 5104(e)(2)(G) is unconstitutional on its face, and was only added to punish Mr. Sahady for exercising his legally protected right to a trial. ECF No. 67. This Court then scheduled a status conference as a result of the Indictment filed on April 5, 2023, and at the status conference granted Mr. Sahady's motion to continue trial and amend the pretrial scheduling order a second time so that Mr. Sahady may file an additional Motion to Dismiss. *See Minute Entry*, April 11, 2023. Pursuant to that April 11 Order, Mr. Sahady now files this Motion to Dismiss.

**ARGUMENT**

Mr. Sahady now moves to dismiss Counts One and Five of the Indictment. He moves to dismiss Count One for three general reasons: (1) the statute charged cannot apply to his conduct on January 6, 2021, (2) there was unreasonable delay in filing the Indictment, and (3) the addition of Counts One triggers the doctrine of vindictive prosecution. Mr. Sahady also moves to dismiss Count Five pursuant to the doctrine of vindictive prosecution.

**I.   Count One Should Be Dismissed Because It Does Not Apply to Mr. Sahady's Conduct**

A defendant in a criminal case may move to dismiss an indictment before trial for "failure to state an offense," Fed. R. Crim. P. 12(b)(3)(B)(v), because the charged statutory provision is unconstitutional, *United States v. McHugh*, Crim. A. No. 21-453 (JDB), 2022 WL 296304, at *3 (D.D.C. Feb. 1, 2022), or because the statute under which he is charged does not apply to his alleged conduct. *Hamling v. United States*, 418 U.S. 87, 117 (1974) (explaining that an indictment must "set forth all the elements necessary to constitute the offense intended to be punished") (citation and

3

internal quotation omitted); *accord United States v. Williamson*, 903 F.3d 124, 130 (D.C. Cir. 2018). At the motion-to-dismiss stage, the question is whether the indictment states "essential facts constituting the offense charged . . . ." Fed. R. Crim. P. 7(c)(1); *see also United States v. Ballestas*, 795 F.3d 138, 149 (D.C. Cir. 2015).

    18 U.S.C. § 1512(c)(2) states as follows:

> **(c)** Whoever corruptly—
>
> **(1)** alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; or
>
> **(2)** otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so,
>
> shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 1512(c)(2).

    Pursuant to this subsection, the government has charged Mr. Sahady follows in Count One:

    "On or about January 6, 2021, within the District of Columbia and elsewhere, Mark Sahady attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, specifically Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. §§ 15–18." ECF No. 65 at 1.

    Put simply, this statute does not prohibit Mr. Sahady's alleged conduct on January 6, 2021, and there are multiple reasons why.

### A. Subsection (c)(2) Must Be Interpreted as Limited by Subsection (c)(1)

As this Court has previously analyzed, the issue presented here is that "either § 1512(c)(1) merely includes examples of conduct that violates § 1512(c)(2), or § 1512(c)(1) limits the scope of § 1512(c)(2)." *United States v. Miller*, 589 F. Supp. 3d 60, 78 (D.D.C. 2022). If the latter statement is the proper interpretation of the statute, then pursuant to the language in (c)(1), it is Mr. Sahady's position that subsection (c)(2) "requires that the defendant have taken some action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence an official proceeding," or that he took some action with respect to general evidence impairment. *See id.* This Court previously held that "[t]he text, structure, and development of the statute over time suggest that the second reading is the better one. But the first is, at a minimum, plausible." *United States v. Miller*, 589 F. Supp. 3d 60, 78 (D.D.C. 2022). As a result of this finding, this Court held that there was an ambiguity in the statute, and pursuant to the principles of lenity and judicial restraint, "§ 1512(c)(2) must be interpreted as limited by subsection (c)(1)[.]" *Miller*, 589 F. Supp. 3d at 78. This Court then necessarily held that 18 U.S.C. § 1512(c)(2) did not apply to the conduct of January 6 defendants who acted similarly to Mr. Sahady. *See id.* For these findings and reasons adopted by this Court, Mr. Sahady moves to dismiss Count One of the Indictment, as Mr. Sahady is "not alleged to have taken" the type of action limited by § 1512(c)(1).[1] *Id.*

### B. The Mens Rea Element Cannot Apply to Mr. Sahady

Even putting aside the argument above, § 1512(c)(2) still must be dismissed because the *mens rea* requirement of § 1512(c)(2)—that a defendant have "corrupt" intent—is unconstitutionally vague

---

[1] While the D.C. Circuit has recently held, in a plurality opinion, that subsection (c)(2) is not limited by subsection (c)(1), *United States v. Fischer*, 2023 U.S. App. LEXIS 8284, at *69 (D.C. Cir. Apr. 7, 2023), Mr. Sahady presents these issues for this Court in order to properly preserve the record for appeal on this specific issue.

as applied to Mr. Sahady pursuant to the Due Process Clause within the Fifth and Fourteenth Amendments. *See United States v. Bronstein*, 428 U.S. App. D.C. 27, 32, 849 F.3d 1101, 1106 (2017) ("vagueness transgresse[s] the guarantees of the Due Process Clause within the Fifth and Fourteenth Amendments.").

A criminal law violates the Due Process Clause if it is "so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Johnson v. United States*, 576 U.S. 591, 595 (2015). More specifically applied to an element of *mens rea*, "a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law." *United States v. Poindexter*, 292 U.S. App. D.C. 389, 951 F.2d 369, 378 (1991) (quoting *Connally v. General Construction Company*, 269 U.S. 385, 391 (1926)). In general, terms void for vagueness usually lack "statutory definitions, narrowing context, or settled legal meanings." *See United States v. Williams*, 553 U.S. 285, 306 (2008). Based on these settled rules, vagueness clearly exists here, at least as applied to Mr. Sahady, with respect to the word "corrupt."

First, "corruptly," is not defined in the statute, which is a crucial factor. *See Williams*, 553 U.S. at 306. Second, the D.C. Circuit has already stated that "on its face, the word 'corruptly' is vague; that is, in the absence of some narrowing gloss, people must 'guess at its meaning and differ as to its application.'" *Poindexter*, 951 F.2d at 378. Third, "if subsection (c)(2) covers all obstructive acts, direct and indirect, it has the same breadth that caused the *Poindexter* court to find unconstitutional vagueness." *See Fischer*, 2023 U.S. App. LEXIS 8284, at *117 (Katsas, G., dissenting). Fourth, and finally, the D.C. Circuit in *Fischer* stressed that it could not even adopt a particular definition for the word—only that it necessarily applies when the defendant is accused of

"allegedly assault[ing] law enforcement officers while participating in the Capitol riot[.]" *See Fischer*, 2023 U.S. App. LEXIS 8284, at *21 (stating "that § 1512(c) is not vague [only] as applied to the 'extreme conduct' of the appellees in this case," and that because "the task of defining 'corruptly' is not before us and I am satisfied that the government has alleged conduct by appellees sufficient to meet that element, I leave the exact contours of 'corrupt' intent for another day."). Of course, Mr. Sahady is not accused of assault or the extreme conduct of the defendants in *Fischer*, and thus the limited holding in *Fischer* does not apply to him. Consequently, because "corruptly" is not defined in the statute, the D.C. Circuit has admitted that "the word 'corruptly' is vague," and the D.C. Circuit in *Fischer* stressed that it could not adopt a particular definition for the word—only that it necessarily applies when the defendant is accused of violent acts that Mr. Sahady is not alleged to have done—the word "corruptly" is clearly "so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." For these reasons, the statute is unconstitutional as applied to Mr. Sahady, and Count One should be dismissed.

### C. The Electoral College Certification Before Congress Does Not Constitute an "Official Proceeding"

As sated earlier, Count One of the Indictment charges that Mr. Sahady obstructed an "official proceeding," in violation of 18 U.S.C. § 1512(c)(2) and it states the "proceeding" was "Congress's certification of the Electoral College vote." However, the Electoral College certification before Congress does not constitute an "official proceeding" under 18 U.S.C. § 1512(c)(2).

An "official proceeding" under 18 U.S.C. § 1512(c)(2) only applies to judicial or quasi-judicial proceedings, as its focus is related to the investigations of matters. *See*, e.g., *United States v. Arthur Andersen, LLP*, 544 U.S. 696, 708 (2005) (interpreting Section 1512(c) as requiring that the defendant have "knowledge that his actions are likely to affect [a] judicial proceeding" in order to have the "requisite intent to obstruct"); *United States v. Burge*, 711 F.3d 803, 809 (7th Cir.)

7

(considering application of Section 1512 and noting "[o]bstruction of justice occurs when a defendant acts to impede the types of proceedings that take place before judges or grand juries") (cert. denied, 571 U.S. 888 (2013)); *United States v. Sampson*, 898 F.3d 287, 300 (2nd Cir. 2018) (noting Section 1512 "broadly criminalizes various forms of witness tampering"); *United States v. Binette*, 828 F. Supp. 2d 402, 403–04 (D. Mass. 2011) fFinding that a "preliminary" SEC investigation did not constitute an "official proceeding" under § 1512 as compelled attendance, sworn testimony, and subpoena powers had not taken effect); *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1039 (11th Cir. 2000) ("Section 1512 … applies to attempts to prevent or influence testimony not only in federal courts but also before Congress, federal agencies, and insurance regulators."); *United States v. Dunn*, 434 F. Supp. 2d 1203, 1207 (M.D. Ga. 2006) (stating that § 1515(a)(1) describes "events that are best thought of as hearings (or something akin to hearings): for example, federal court cases, grand jury testimony, Congressional testimony, and insurance regulatory hearings"). Because an "official proceeding" under 18 U.S.C. § 1512(c)(2) only applies to judicial or quasi-judicial proceedings, as its focus is related to the investigations of matters, which does not apply to Congress' certification of the Electoral College vote, Count One does not apply to Mr. Sahady's conduct and should be dismissed.

    **II. Count One Should Be Dismissed Due To The Late Filed Indictment**

        **A. Mr. Sahady's Right to a Speedy Trial**

A criminal defendant such as Mr. Sahady has a right to a speedy trial, and this right is protected by two separate authorities: the Sixth Amendment to the United States Constitution and the Speedy Trial Act. U.S. CONST. AMEND. VI; 18 U.S.C. §§3161 et seq.; *see*, e.g., *United States v. Nordean*, No. 21-175 (TJK), 2022 U.S. Dist. LEXIS 108898, at *21-22 (D.D.C. June 20, 2022). Crucially, the protections offered by the Sixth Amendment are broader than those offered by the

Speedy Trial Act. *Id.* Indeed, the D.C. Circuit "has stressed that the 'absence of a Speedy Trial Act violation does not *ipso facto* defeat a Sixth Amendment speedy trial [] claim.'" *Id.* (quoting *United States v. Rice*, 746 F.3d 1074, 1081, 409 U.S. App. D.C. 105 (D.C. Cir. 2014)).

Relevant to this case, the Sixth Amendment and Speedy Trial Act do not only protect a criminal defendant's right to an expeditious trial date, but also the expeditious filing of an indictment once the defendant is arrested and accused of a crime. *See United States v. Palomba*, 31 F.3d 1456, 1466 (9th Cir. 1994) ("[the defendant] contends that because [the counts] were filed more than thirty days after his arrest on the complaint in violation of 18 U.S.C. § 3161(b), defense counsel should have moved for their dismissal under Section 3162(a)(1) of the STA. We agree."); *United States v. Marion*, 404 U.S. 307, 313, 92 S. Ct. 455, 459 (1971) (stating that the Sixth "Amendment would appear to guarantee to a criminal defendant that the Government will move with the dispatch that is appropriate to assure him an early and proper disposition of the charges against him, and that "it is *either* a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engage the particular protections of the speedy trial provision of the Sixth Amendment.") (emphasis added); *United States v. Parrott*, 248 F. Supp. 196, 204 (1965) ("if the delay [in seeking the indictment] was the result of deliberate or at least negligent actions by the Government and no reasonable explanation is forthcoming, the defendants' Sixth Amendment rights have been denied."). The government's late filing of the Indictment in this matter violates this protection to a expeditiously filed indictment. Mr. Sahady moves to dismiss Count One for this reason.

1. **<u>Sixth Amendment Protection</u>**

Courts evaluating constitutional speedy trial claims consider a four factor "balancing test": the "length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to

the defendant." *Barker v. Wingo*, 407 U.S. 514, 515, 92 S. Ct. 2182, 2184 (1972). "Generally, a delay of one year is presumptively prejudicial." *United States v. Bikundi*, 441 U.S. App. D.C. 293, 311, 926 F.3d 761, 779 (2019). Further, "[n]o single factor is necessary or sufficient to find a deprivation of the right to a speedy trial because the factors are related and must be considered together." *Id.* Under this analysis, Mr. Sahady has established a violation of his constitutional right to a Speedy Trial.

First, regarding factors one and four, Mr. Sahady was arrested and charged by way of Information on or around February 19, 2021. ECF No. 9. However, the government chose not to file an Indictment against Mr. Sahady until more than two years later on April 2023. This delay of not just one year, but two, is "presumptively prejudicial." *Bikundi*, 926 F.3d at 779. Thus, factors one and four weigh in favor of Mr. Sahady.

Second, regarding factor two—the reason for the delay of filing the Indictment—the government appeared to claim on the record that the Indictment is filed because of new evidence. The facts and circumstances of this case strongly suggest otherwise, and demonstrate that the government has known for years that, based on the allegations against Mr. Sahady, it could charge Mr. Sahady with Count One of the Indictment. Specifically, Mr. Sahady's case stems from the events on January 6, 2021, and the decision to indict Mr. Sahady with Count One appears to be based on the same evidence that has been known to the government for over a year, if not more. As evidence of this, many January 6 defendants similar to Mr. Sahady have faced the same exact charges he now faces, but were properly indicted years ago. *See*, e.g., *United States v. Weeks*, No. 21-cr-00247 (TFH), 2022 U.S. Dist. LEXIS 188518, at *4 (D.D.C. Oct. 14, 2022) ("On March 24, 2021, a Grand Jury returned a five-count Indictment charging [the defendant] with: (1) Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18 U.S.C. §§ 1512(c)(2) and 2; (2) Entering and

10

Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1); (3) Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2); (4) Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); and (5) Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G)."). Because this evidence demonstrates that the government issued this Indictment two years after Mr. Saahdy was charged, not because of new evidence, but for improper purposes such as to intentionally cause delay or prejudice Mr. Sahady, this factor also weighs in Mr. Sahady's favor.

Third, and finally, with respect to factor three— the defendant's assertion of his right—this factor also weighs in favor of Mr. Sahady. Given that Mr. Sahady had no way of knowing that the government would file an Indictment against him two years after he was charged based on the same evidence, in these circumstances Mr. Sahady had no way of "consistently assert[ing his] rights" in the unique circumstances of this case. *Simms v. District of Columbia*, 872 F. Supp. 2d 90, 99 (D.D.C. 2012). Further, Mr. Sahady was in no way responsible for the government choosing to file this late Indictment, which results in this final factor weighing in his favor. *See Mitchell v. United States*, 841 F. Supp. 2d 322, 329 (D.D.C. 2012) (discussing how the defendant's actions which contributed to the delay resulted in the third factor weighing in the government's favor). Finally, Mr. Sahady files this motion to dismiss asserting his constitutional right to a speedy trial within weeks of determining that the Indictment violated his constitutional right to a Speedy Trial.

For these reasons, Mr. Sahady's constitutional right to a speedy trial were violated based on the government's two year delay in filing an Indictment. Consequently, Count One of the Indictment should be dismissed.

## 2. Speedy Trial Act Protection

Regardless of whether Mr. Sahady has established a violation of his constitutional right to a Speedy Trial, he has established a violation of his rights under the Speedy Trial Act. The Speedy Trial Act, codified at Title 18, United States Code, Section 3161 *et. seq.,* requires that a defendant be indicted within thirty days of his arrest. *See* 18 U.S.C. § 3162(a). The sanction for violating this provision is a dismissal of the indictment, either with or without prejudice, upon a motion by the defendant. *See id.*; *see*, e.g., *Glenn v. United States*, No. C12-5646RBL, 2013 U.S. Dist. LEXIS 53129,at *15-16 (W.D. Wash. Apr. 11, 2013); *United States v. Moreno-Rocha*, 19 F. App'x 507, 509 (9th Cir. 2001) (finding there was no violation of the Speedy Trial Act "[b]ecause the original indictment was filed within 30 days of arrest").

In this case, the government did not file its original Indictment until more than two years after Mr. Sahady's arrest—violating the Speedy Trial Act. Consequently, upon this motion, the sanction "is a dismissal of the indictment, either with or without prejudice."

### B. Mr. Sahady's Protection Under FRCP 48(b)

Regardless of whether Mr. Sahady's rights under the Sixth Amendment or Speedy Trial Act were violated, the Federal Rules of Criminal Procedure provides this Court with the discretion to dismiss an Indictment such as the one here where the government has delayed in presenting it. *See* Fed. R. Crim. P. 48(b) (authorizing trial court to dismiss indictment if there is "unnecessary delay" in presenting the charge to a grand jury, in filing an information, or in bringing a defendant to trial). Rule 48 "vests much discretion in the trial court." *See United States v. Knight*, 562 F.3d 1314, 1324 (11th Cir. 2009).

For the reasons explained previously, the government has clearly demonstrated "unnecessary delay" in presenting the charge to a grand jury and receiving an Indictment. Specifically, the

government has possessed the necessary evidence on Mr. Sahady for over one year, if not two, and the government has charged multiple individuals who had conduct similar to Mr. Sahady with the same five charges in the Indictment, but charged these individuals years ago. Despite this information and knowledge, the government waited over two years to charge Mr. Sahady via Indictment with Count One. This delay was certainly "unnecessary," and this Court should exercise its discretion to dismiss the Indictment under Fed. R. Crim. P. 48(b).

### C. Counts One And Five Must Be Dismissed Because of Vindictive Prosecution

Mr. Sahady previously filed a Motion to Dismiss Count Four of the Second Superseding Information based on the doctrine of vindictive prosecution. *See* ECF No. 67. Mr. Sahady now moves to dismiss Count One and Count Five of the Indictment for the same reasons stated in that previously filed motion, and based on the further evidence of vindictive prosecution based on the government's addition of Count One in the Indictment. *See id.*

### III. The Indictment Is Not Signed

Pursuant to Federal Rule of Criminal Procedure 6(c), all indictments must contain the signature of the foreperson. *See* Fed. R. Crim. P. 6(c); *United States v. Sutton*, No. 21-0598 (PLF), 2022 U.S. Dist. LEXIS 74157, at *14 (D.D.C. Apr. 22, 2022). The Indictment in this case does not contain a signature of the foreperson. Thus, the indictment fails to comply with Fed. R. Crim. P. 6(c), and should be dismissed.

### CONCLUSION

For the reasons explained above, Mr. Sahady requests that this Court dismiss Counts One and Five of the Indictment, which charges that he "attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, specifically, Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution

of the United States and 3 U.S.C. §§ 15–18," in violation of 18 U.S.C. § 1512(c)(2) and 18 U.S.C. § 2, and that he "paraded, demonstrated, and picketed in any United States Capitol Building" in violation of 40 U.S.C. § 5104(e)(2)(G). ECF No. 65.

Respectfully submitted, the 28th day of April, 2023.

*/s/ Blake A. Weiner*
Blake A. Weiner, VA Bar No. 94087
BLAKE WEINER LAW, PLLC
1806 Summit Avenue, Suite 300
Richmond, VA 23230
Telephone: (804) 482-1465
Email: bweiner@blakeweinerlaw.com
*Counsel for Mr. Sahady*
