THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MARK SAHADY, <br><br> Defendant. | Case No. 1:21-cr-00134 (CJN) |

## MR. SAHADY'S REPLY IN SUPPORT OF MOTION TO DISMISS

Comes now, Mark Sahady, by and through his undersigned counsel, and submits this Reply to the government's Opposition (ECF No. 73) to Mr. Sahady's Motion to Dismiss.

### ARGUMENT

**I.    Section 1512(c)(2) Does Not Apply to Mr. Sahady's Conduct**

   a.   Section 1512(c)(2) is limited by subsection (c)(1)

For the reasons stated in his Motion, Mr. Sahady does not dispute the current application of *Fischer*, but argues the fractured decision was incorrectly decided and preserves the arguments stated in his Motion for appeal.

   b.   Section 1512(c)(2)'s *mens rea* requirement is unconstitutionally vague

The government argues that "corruptly" is a "clear term" of the statute, and is not vague. Gov. Opp. at 11. The government simply makes an argument that the D.C. Circuit does not endorse. *See Fischer*, 2023 U.S. App. LEXIS 8284, at *21 (stating "that § 1512(c) is not vague [only] as applied to the 'extreme conduct' of the appellees in this case[.]"). The D.C. Circuit is clear that the term corruptly only passes that vagueness test as applied to defendants whose "extreme conduct" is

1

undisputedly different from Mr. Sahady. *See id.* Thus, for the reasons stated in Mr. Sahady's Motion, the statute is unconstitutionally vague as applied to Mr. Sahady.

      c. <u>The Electoral College Certification does not constitute an "official proceeding"</u>

For the reasons stated in his Motion, Mr. Sahady does not dispute the current application of *Fischer*, but argues the fractured decision was incorrectly decided and preserves the arguments stated in his Motion for appeal.

**II.  The Timing of the Indictment's Filing Warrants Dismissal of Count One**

      a. <u>The Indictment's filing violates Mr. Sahady's constitutional right to a speedy trial</u>

The government concedes that the first and fourth factors weigh in Mr. Sahady's favor, and only argue that the second and the third factors weigh in the government's favor. *See* Gov. Opp. at 18–19. It is incorrect.

With respect to the second factor—the reason for the delay—the government essentially argues that its desire to prosecute many individuals has caused the delay to Mr. Sahady, and this desire should outweigh Mr. Sahady's constitutional right to a speedy trial. Gov. Opp. at 19. Of course, the government cites to no support for the novel argument that it may violate a defendant's constitutional right merely because it cannot prosecute cases efficiently based on its caseload. The government then argues that Mr. Sahady is partly responsible for this delay. Gov. Opp. at 19. This argument ignores Mr. Sahady's position clearly stated in his motion: that the delay is not merely the date his trial is scheduled, but the late filing of the indictment, which necessarily causes a delay in his right to a speedy trial. *See* Sahady Mot. Of course, the government makes no argument—and it cannot—that Mr. Sahady is in any way responsible for the incredibly delayed indictment. Finally, the government makes a half hazard attempt to blame the global pandemic for the delay, citing only

a three year old case from Pennsylvania, written during the heart of the pandemic, in support. Gov. Opp. at 20.

With respect to the third factor—the defendant's assertion of his right—the government completely ignores the arguments made in Mr. Sahady's Motion: that Mr. Sahady had no way of knowing that the government would file an Indictment against him two years after he was charged based on the same evidence. Mr. Sahady had no way of "consistently assert[ing his] rights" in the unique circumstances of this case. *Simms v. District of Columbia*, 872 F. Supp. 2d 90, 99 (D.D.C. 2012).

Thus, not only do the first and fourth factors weigh in Mr. Sahady's favor, but the second and third factors do as well. Consequently, the Indictment's filing violates Mr. Sahady's constitutional right to a speedy trial.

      b. <u>Dismissal is warranted under the Speedy Trial Act</u>

With respect to the Speedy Trial Act, the government argues the Act is not violated because "an indictment superseding an information that is filed after the thirty-day time period does not violate the Act—it is enough for the original Information in this case to have been filed within the 30-day period." Gov. Opp. at 21. The government is incorrect, and makes its mistake my conflating an Information with an Indictment.

In support, of its argument that "it is enough for the original *Information* in this case to have been filed within the 30-day period," the government cites to *United States v. Walker*, 545 F.3d 1081, 1086 (D.C. Cir. 2008). Gov. Opp. at 21 (emphasis added). However, *Walker* only permits this exception to the Speedy Trial Act when an original *Indictment* is filed within 30 days, not an Information. *See Walker*, 545 F.3d at 1086 ("A superseding indictment filed more than thirty days after arrest, however, does not violate section 3161(b) so long as the original *indictment* was filed

within the required thirty-day time frame.") (emphasis added). Of course, in this case, "the original *indictment* was [not] filed within the required thirty-day time frame." *Id.* Consequently, *Walker* is inapplicable, and dismissal is warranted under the Speedy Trial Act.

   c. <u>Dismissal is warranted under Federal Rule of Criminal Procedure 48(b)</u>

  Finally, the government argues that "when the Speedy Trial Act does not require dismissal, it would be imprudent to grant dismissal under Rule 48(b)." Gov. Opp. at 22. Of course, what the government does not state is that dismissal under Rule 48(b) is circumscribed by Speedy Trial protections—and that is because Rule 48(b) is broader than Speedy Trial protections under the federal statute or constitution. *See*, e.g., *United States v. West*, No. 4:17-cr-67, 2018 U.S. Dist. LEXIS 219156, at *11 (E.D. Va. Dec. 13, 2018) ("Rule 48 is not circumscribed by the Sixth Amendment."); Fed. R. Crim. P. 48(b) (authorizing trial court to dismiss indictment if there is "unnecessary delay" in presenting the charge to a grand jury, in filing an information, or in bringing a defendant to trial). Because Rule 48 "vests much discretion in the trial court,"[1] for the reasons explained in Mr. Sahady's Motion, this Court should exercise its discretion and dismiss the Indictment under Fed. R. Crim. P. 48(b).

**III.** **The Indictment Does Not Appropriately Charge Count Five**

   a. <u>Section 5104(e)(2)(G) is overbroad</u>

  The government argues that 5104(e)(2)(G) is not overbroad because the "operative verbs—parade, demonstrate, and picket—principally target conduct rather than speech." Gov. Opp. at 24. This conclusory and self-serving interpretation by the government is simply unsupported. Because section 5104(e)(2)(G) as currently written "criminalizes a substantial amount of protected expressive activity" such as expressing any ideas, regardless of whether it actually disrupts or even has the

---

[1] *United States v. Knight*, 562 F.3d 1314, 1324 (11th Cir. 2009).

propensity to disrupt, or whether it is conduct or speech, it is unconstitutionally overbroad. *United States v. Williams*, 553 U.S. 285, 293 (2008). For these reasons, and those explained in Mr. Sahady's Motion, it is apparent that Count Five must be dismissed.

      b. <u>Section 5104(e)(2)(G) is unconstitutionally vague</u>

The core argument from the government is that the statute is not unconstitutionally vague because "the plain language prohibits an individual from engaging in *disruptive conduct* inside the Capitol building." Gov. Opp. at 28. The problem with the government's position is that it is contrary to logic and the language of the statute. Section 5104(e)(2)(G) makes it illegal to "demonstrate" in any of the Capitol buildings. Of course, there are countless ways that one can "demonstrate" without engaging in "disruptive conduct." *See* Merriam-Webster Dictionary (defining "demonstration" as, among other things, "an outward expression or display."). Thus, the government's interpretation must be rejected.

"The danger, of course, is that such a broadly-worded ban . . . would be selectively employed to silence those who expressed unpopular ideas regardless of whether the speaker created an obstruction or some other disturbance." *See Lederman v. United States*, 89 F. Supp. 2d 29, 42 (D.D.C. 2000). This skepticism of the law was supported by the D.C. Circuit. *See Smith v. D.C.*, 387 F.2d 233, 237 (D.C. Cir. 1967) ("in view of the confusion apparent in the enforcement of these and related statutes, we commend to executive and legislative authorities a review of this entire area of the law."). Thus, it is apparent that Section 5104(e)(2)(G) is unconstitutionally vague.

**IV.**    **Mr. Sahady's Presents a Valid Claim of Vindictive Prosecution**

In support of its argument that Mr. Sahady has not "even a realistic likelihood of vindictiveness," the government chooses to attack all arguments and circumstances Mr. Sahady raised in a piecemeal fashion. *See* Gov. Opp. at 29–34. This is of course strategic, but improper.

5

When the government returns a superseding indictment after a plea offer has been rejected, to demonstrate "a realistic likelihood of vindictiveness" such that the burden shifts to the government, a defendant must show "something more" than the "the run-of-the-mill pretrial situation." *See United States v. Michel*, No. 19-148-1 (CKK), 2022 U.S. Dist. LEXIS 165191, at *24 (D.D.C. Sep. 13, 2022), quoting *United States v. Meyer*, 810 F.2d 1242, 1245 (D.C. Cir. 1987). The "something more" that exists in this case is the cumulative facts and evidence explained in Mr. Sahady's Motion—not just the evidence analyzed in a piecemeal fashion.

The cumulative facts and evidence in this case become even more crucial when it is realized that the government in this case has "motivation to act vindictively," as, given the large number of defendants facing these misdemeanor charges stemming for January 6, "[t]he government ha[s] a strong incentive to try to keep clear of this courtroom morass: it wished to avoid the annoyance and expense of prosecuting these minor cases at a potentially drawn-out trial." *See United States v. Meyer*, 810 F.2d 1247, (D.C. Cir. 1987)

For these reasons, and those explained in his Motion, Mr. Sahady moves to dismiss Count Five of the Indictment.

## CONCLUSION

For the reasons explained above, and in his Motion to Dismiss. Mr. Sahady requests that this Court dismiss Counts One and Five of the Indictment, which charges that he "attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, specifically, Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. §§ 15–18," in violation of 18 U.S.C. § 1512(c)(2) and 18 U.S.C. § 2, and that he "paraded, demonstrated, and picketed in any United States Capitol Building" in violation of 40 U.S.C. § 5104(e)(2)(G). ECF No. 65.

Respectfully submitted, the 19th day of May, 2023.

>/s/ Blake A. Weiner
>Blake A. Weiner, VA Bar No. 94087
>BLAKE WEINER LAW, PLLC
>1806 Summit Avenue, Suite 300
>Richmond, VA 23230
>Telephone: (804) 482-1465
>Email: bweiner@blakeweinerlaw.com
>*Counsel for Mr. Sahady*