## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cr-134 |
| | ) | |
| SAHADY | ) | |
| _____ | ) | |

### DEFENDANT'S MOTION TO CONTINUE TRIAL

As the Court is aware, the Supreme Court of the United States has granted certiorari in *United States v. Fischer,* Case No. 1:21-cr-234 to address the question as to whether the D.C. Circuit erred in construing 18 U.S.C. § 1512(c) ("Witness, Victim, or Informant Tampering"), which prohibits obstruction of congressional inquiries and investigations, to include acts unrelated to investigations and evidence. Should the Supreme Court rule that the statute does not apply to January 6 cases, it will obviously have a substantial impact on Mr. Sahady's case.

After the Supreme Court issued its decision to consider the question, the Chief Judge of this Court "warned of a possible backlog of cases involving the federal statute known as 1512."[1] It was reported that the Chief Judge stated on the record at a hearing on Friday, December 15, 2023, that "she has heard from fellow judges in Washington's federal district court that they have already come across requests from Jan. 6 defendants who are either charged with or have pleaded guilty to the obstruction charge and are now asking to pause proceedings until the Supreme Court determines whether the statute can be applied to Jan. 6-related conduct. It was reported that the Chief Judge also stated that such requests are "not unreasonable."

---

[1] Federal judge warns of Jan. 6 case backlog as Supreme Court weighs key obstruction statute - CBS News, https://www.cbsnews.com/news/supreme-court-january-6-case-obstruction-federal-judge/

On December 28, 2023,Chief Judge James E. Boasberg issued a minute order in *United States v. Zink,* Case No. 21-cr-191, stating:

> Given that the only felony count Defendant was convicted of was Section 1512, which will thus play a substantial role in his sentencing, the Court believes that postponing such sentencing until after the Supreme Court decides U.S. v. Fischer is appropriate. The Court, accordingly, ORDERS that: 1) Defendant's [118] Motion to Continue is GRANTED; and 2) Within seven days of the Supreme Court's decision, the parties shall contact the Courtroom Deputy to set a new date.

It has also come to undersigned counsel's attention from defense counsel in *United States v. Davis,* Case No. 23-cr-281, that this Court considered the pending *Fischer* case when scheduling a trial for the defendant in *Davis*, and accordingly set trial for a date in the summer of 2024, to allow time for the Supreme Court to issue a decision in *Fischer* that will clarify the law. *Davis* is very similar to this case as both are charged with only misdemeanors and 1512.

It is virtually inconceivable that the Supreme Court will have rendered a decision in Fischer before the currently scheduled trial date in Mr. Sahady's case before February 24, 2024. It would be a true waste of judicial resources to conduct a trial the only felony charge of which may be rendered moot by the Supreme Court's decision.

Mr. Sahady is not in custody and has a perfect record during his release. Mr. Sahady will also waive his rights under the Speedy Trial Act, 18 USC 3161, and request that the Court exclude the time until the trial. An ends-of-justice exclusion under 18 U.S.C. 3161(h)(1)(C) is appropriate for reasons including the pending Supreme Court decision. Speedy trial exclusion was granted in *Davis.*

Counsel for Defendant has conferred by email with counsel for the Government and the Government is opposed to this motion.

## CONCLUSION

For the reasons set forth above, Defendant respectfully requests that the Court vacate the current trial date set for February 24, 2024, and schedule a status conference, to be held virtually, for January 24, 2024, to amended the pretrial schedule. Sahady submits that the Court should order the parties to contact the Courtroom Deputy within seven days of the Supreme Court's decision to set a date no less than six weeks after the Supreme Court renders its decision.

Dated: December 29, 2023

Respectfully submitted,

/s/ Eden P. Quainton
Eden P. Quainton
Bar No: NY 23017
Quainton Law, PLLC
2 Park Ave., 20th Fl.
New York, NY 10016
(212) 419-0575
eden.quainton@quaintonlaw.net

/s/ Jonathan Gross
Jonathan Gross, Esq.
Bar No.: MD 0126
Quainton Law, PLLC
2833 Smith Ave, Suite 331
Baltimore, MD 21209
(443) 813-0141
jonathansgross@gmail.com

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on December 29, 2023 the foregoing document was filed through the CM/ECF system and thereby served electronically on opposing counsel.

/s/ Jonathan Gross