UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-cr-134 (CJN) |
| | : | |
| MARK SAHADY, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S OPPOSITION TO**
**DEFENDANT'S MOTION TO CONTINUE TRIAL**

The United States of America respectfully opposes Defendant Mark Sahady's motion to continue trial pending resolution of *Fischer v. United States* (ECF No. 100), which is, in effect, a motion to stay his trial until at least the summer of 2024.[1] On December 13, 2023, the United States Supreme Court granted certiorari in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted* 23-5572. The Supreme Court will consider the interpretation of the statute criminalizing obstruction of an official proceeding, 18 U.S.C. § 1512(c)(2), which is one of the crimes for which Sahady will stand trial on February 26, 2024. This development does not merit a stay of that trial date.

**I.     Procedural Background**

Sahady was first arrested on this case's original criminal complaint on January 18, 2021. On February 19, 2021, the government filed an Information charging Sahady with one count of entering and remaining in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(1); one count of disorderly and disruptive conduct in a restricted building or grounds with a deadly or

---

[1] Sahady styles the relief as a motion to continue the trial; however, the motion is properly considered as a motion to stay the proceedings. It is unlikely that any decision in *Fischer* would be issued by the Supreme Court before the end of its term in June 2024. Accordingly, the stoppage of all proceedings for upwards of six months is not a continuance; it is a stay of the proceedings pending the appeal.

dangerous weapon, in violation of 18 U.S.C. § 1752(a)(2); and one count of disorderly conduct in a Capitol building, in violation of 40 U.S.C. § 5104(e)(2)(D). *See* ECF No. 9. On March 22, 2022, the government filed a Superseding Information that included the same charges as the original Information but removed references to the Vice President-elect in the charge descriptions. *See* ECF No. 37.

In October 2022, the Court set Sahady's first trial date: April 17, 2023. Sahady's second counsel entered his appearance in January 2023. On March 22, 2023, the government filed a second superseding information, which added an additional count: parading, demonstrating, or picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G). On March 26, 2023, Sahady's second counsel filed a motion to continue the April 2023 trial date. The Court granted the motion and rescheduled the trial for May 1, 2023.

On April 5, 2023, a grand jury returned a five-count indictment charging Sahady with one count of obstruction of an official proceeding and aiding and abetting, in violation of 18 U.S.C. § 1512(c)(2) and 2 (Count One); one count of entering and remaining in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(1) (Count Two); one count of disorderly and disruptive conduct in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(2) (Count Three); one count of disorderly conduct in a Capitol building, in violation of 40 U.S.C. § 5104(e)(2)(D) (Count Four); and one count of parading, demonstrating, or picketing in a Capitol building, in violation of 40 U.S.C. § 5104(e)(2)(G) (Count Five).

On April 7, 2023, Sahady filed a motion to dismiss what is now Count Five of the Indictment. That same day, the D.C. Circuit issued its opinion in *United States v. Fischer*, 64 F. 4th 329 (D.C. Cir. 2023). On April 11, 2023, the Court held a status conference, during which it granted a defense request for a further continuance of the trial and set a briefing schedule for further

motions. The new trial date was set on August 21, 2023. On April 28, 2023, Sahady filed a motion to dismiss Count One of the Indictment. ECF No. 72.

On August 7, 2023, Sahady filed a consent motion to waive his right to a jury and for a bench trial. The Court granted this motion on August 10, 2023. In granting that motion, the Court required Sahady to docket a signed jury trial waiver. This has yet to occur.

On August 11, 2023, Sahady's prior counsel moved to withdraw and continue the trial in this case, and the Court granted that motion on August 14, 2023. Three pretrial motions filed by Sahady's prior counsel remain pending at ECF Nos. 56, 67, and 72. Sahady's new trial counsel (his third defense team) noted their appearances on August 22, 2023. On August 23, 2023, the Court set the active trial date on February 26, 2024. New counsel filed additional motions regarding the Indictment on September 22, October 19, October 27, and October 30, 2023. In his motions, Sahady has argued, *inter alia*, that the case's age is "presumptively prejudicial." ECF No. 72 at 10.

**II.    Legal Standard**

When evaluating whether to issue a stay, "a court considers four factors: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The third and fourth factors "merge" when a party moves for a stay against the government. *Id.* at 435. A stay "'is not a matter of right, even if irreparable injury might otherwise result.'" *Id.* at 433 (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)). The party seeking the stay bears the burden of "mak[ing] out a clear case of hardship or inequity in

being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis v. North American Co.*, 299 U.S. 248, 255 (1936).

### III. Argument

Sahady's motion should be denied because the relevant factors weigh against his request. First, the fact that the Supreme Court granted certiorari in *Fischer* does not establish that Sahady is likely to succeed on the merits of any challenge to his Section 1512(c)(2) conviction. At this time, a panel of the D.C. Circuit and every district court judge but this Court has agreed with the government's interpretation of that statute. *See Fischer*, 64 F.4th at 338 ("Although the opinions of those district judges are not binding on us, the near unanimity of the rulings is striking, as well as the thorough and persuasive reasoning in the decisions. . . . The district judge in the instant case stands alone in ruling that § 1512(c)(2) cannot reach the conduct of January 6 defendants."). The mere fact that the Supreme Court agreed to hear *Fischer* does not indicate that those opinions were wrongly decided. *See, e.g.*, *Heath v. Jones*, 941 F.2d 1126, 1131 (11th Cir. 1991) ("[T]he grant of certiorari does not necessarily indicate that the position advocated by Heath has any merit, only that it is an important question."). Moreover, one Circuit judge has explained how, even were the Supreme Court to reverse the Court of Appeals in *Fischer,* defendants who obstructed the certification would still be convicted. *See Brock v. United States*, No. 23-3045 (D.C. Cir. May 25, 2023) (per curiam) (Millet, J., concurring). Were every criminal case stayed while a potentially applicable issue was litigated on appeal in a separate case, the criminal justice system would grind to a halt. *Fischer* and other cases challenging the application of 18 U.S.C. § 1512(c)(2) have been pending for some time, and such developments did not previously merit a broad stay. Nothing has changed by virtue of the Supreme Court's decision to grant *certiorari* in *Fischer*.

A further six-month delay in the proceedings is "substantial." *See United States v. Raymond*, No. 21-cr-380-CKK, 2023 WL 6317850, at *1 (Sept. 28, 2023). This case has been pending since January of 2021—almost three years. Sahady's trial has been rescheduled multiple times, including most recently as a result of Sahady's latest change in retained counsel. Short of his recent motion to continue the trial, the defendant has also contradictorily and repeatedly argued that he is prejudiced by the timeline of this case. *See* ECF Nos. 72, 88.

Additionally, it is unlikely that any decision in *Fischer* would be issued by the Supreme Court before the end of its term in June of 2024. That would be nearly three-and-a-half years after Sahady committed the offenses charged in the Indictment. Delaying the trial for another six months or more would undermine the interests of the public in the timely adjudication of a case of significance.

Obstruction of an official proceeding is not Sahady's only charge. He is also charged with entering and remaining in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(1); disorderly and disruptive conduct in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(2); disorderly conduct in a Capitol building, in violation of 40 U.S.C. § 5104(e)(2)(D); and parading, demonstrating, or picketing in a Capitol building, in violation of 40 U.S.C. § 5104(e)(2)(G). Regardless of the implications of *Fischer*, the public and the government have a right to resolution of Sahady's other charges. And because the evidence on those charges overlaps with the evidence the government would use to prove the 1512 count, particularly the charge under 18 U.S.C. § 1752(a)(2), which requires the government to prove that Sahady acted with the intent to disrupt governmental business, and actually caused a disruption, the parties should proceed to trial on all counts as currently scheduled. Given that trial is scheduled for February 26, 2024, and any sentencing would likely not occur until May or June 2024, it is unlikely that Sahady would

have finished serving any sentence imposed on the non-1512 charges before *Fischer* is decided in mid-June—all of which further demonstrates that the defendant cannot establish irreparable injury. And this does appear to be a case that will proceed to trial regardless of the outcome in *Fischer*, as Sahady was charged solely with misdemeanors for over two years and never pled guilty.

Sahady will not suffer any irreparable injury by proceeding with trial as scheduled. Even if Sahady is convicted of obstruction of an official proceeding and if the Supreme Court were to decide *Fischer* adversely to the government, it is not clear that the Court's interpretation of Section 1512(c)(2) would necessarily invalidate Sahady's conviction. And even if it did, the appropriate venue for challenging such a conviction would be a motion to set aside the verdict or a post-sentencing appeal, depending on the timing. In this respect, defendant "stands in no different position than any other criminal defendant who loses a pretrial motion attacking an indictment on the ground that the underlying criminal statute is unconstitutional. The district court's order in such a case . . . would be fully reviewable on appeal should the defendant be convicted." *United States v. Cisneros*, 169 F.3d 763, 768-69 (D.C. Cir. 1999).[2]

As Judge Howell recently recognized, a defendant is not "irreparably harmed without a stay" simply "because 'he will be forced to go to trial' before his appeal on violations of his constitutional rights is heard." *United States v. González-Valencia*, No. 16-65-1 (BAH), 2022 WL 3978185, at *6 (D.D.C. Sept. 1, 2022). That is why interlocutory appeals are allowed only in rare cases. A stay does, however, prejudice the government. "The government also faces irreparable harm because, as more time passes, the government's . . . evidence continues to age, which hurts witnesses' ability to recollect those events clearly at trial." *Id.* at *7.

---

[2] Moreover, this Court has yet to rule on Sahady's motions to dismiss the § 1512(c)(2) charge.

6

Ultimately, Sahady's desire to have the Supreme Court resolve *Fisher* before his trial does not outweigh the government's and the public's interest in a speedy trial, particularly as there is a more appropriate mechanism to address this issue should Sahady be convicted. For all these reasons, Sahady's motion to continue trial for approximately months or more should be denied, and the Court should proceed with trial on February 26, 2024. *See, e.g.*, Minute Order (Dec. 28, 2023), *United States v. Bradley Bennett*, 21-cr-312 (JEB) (denying defendant's motion to continue stay trial pending *Fischer* "given the length of time this case has been pending, the numerous other counts beyond Section 1512 he faces, and the fact that Defendant will not be sentenced (if at all) until after the Supreme Court decides [*Fischer*]"); Order, *United States v. Dunfee,* 23-cr-36 (RBW), ECF No. 59 (D.D.C. Dec. 14, 2023) (denying defendant's oral motion to stay trial pending Fischer).

        Respectfully submitted,

        MATTHEW M. GRAVES  
        United States Attorney  
        D.C. Bar No. 481052

By:     */s/ Kaitlin Klamann*
KAITLIN KLAMANN
Assistant United States Attorney
601 D Street NW
Washington, DC 20530
(202) 252-6778
Kaitlin.Klamann@usdoj.gov
IL Bar No. 6316768

*/s/ Nathaniel K. Whitesel*
NATHANIEL K. WHITESEL
Assistant United States Attorney
DC Bar No. 1601102
601 D Street NW
Washington, DC 20530
Nathaniel.Whitesel@usdoj.gov
(202) 252-7759