# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | Case No. 1:21-cr-134 |
| ) | |
| SAHADY ) | |
| _____) | |

## DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S SUPPLEMENTS TO HIS MOTION TO COMPEL DISCOVERY IN SUPPORT OF HIS SELECTIVE PROSECUTION CLAIM

Defendant Mark Sahady, by and through counsel, hereby submits this brief in Reply to the Government's Response to Defendant's Supplement to His Motion to Compel Discovery in Support of His Selective Prosecution Claim.

The Government argues that "Sahady continues to fail to identify an individual who is 'similarly situated' to him and whose alleged disparate treatment sufficiently substantiates his selective prosecution claim," and that he "fails to identify any specific individual involved in recent pro-Palestinian protest who is similarly situated." Dkt. 106, at 9. But this ignores the fact that he did.

In Dkt. 97, at 3, Sahady specifically identified Huwaida Arraf who obstructed a hearing while a mob invaded the Cannon Office Building, and an unnamed violent protester who "broke past Capitol Police on the second floor of the [Cannon Office] building while a mob filled the Rotunda and he attempted to physically assault a Representative." In Dkt. 88, at 18, Sahady specifically pointed to two protestors, Ana Anchila and Maria Gallagher, who accosted a Senator inside the Capitol.

But more broadly, Sahady argues that he is similarly situated to all peaceful protestors during those protests who were not charged with "obstructing an official proceeding" or another

felony that the government could have charged them with. The fact that he does not name the hundreds, if not thousands of individuals who stormed Government buildings, including the Cannon Office Building, is not a failure to identify them. On the contrary, their names are unknown because the government chose not to prosecute them.

To argue that January 6, 2021 is different because it was a unique event in history when the very fabric of democracy was threatened cuts against the government because that suggests that Sahady is being singled out not for his conduct, but because his conduct happened on January 6, 2021 at the Capitol. The Government is choosing not to prosecute similar or worse conduct that occurred in the Cannon Office Building on October 18, 2023, because the October 18, 2023 protestors didn't tear the fabric of democracy, but those on January 6, 2021 did. This makes no sense. Sahady is being singled out for prosecution because he peacefully protested on the wrong day.

Regarding Ray Epps, the Government argues that Ray Epps was prosecuted. Dkt. 106, at 7. But that was only after almost 3 years of not prosecuting him. The Government considered as a factor for leniency the fact that there are conspiracy theories that Epps acted as a government agent. But who is to blame for those conspiracy theories if not the government who knew about his conduct as early as January 8, 2021, and did not prosecute him for almost three years? The government only made the problem worse by allowing him to turn himself in, as opposed to arresting him, and only charging him with a single misdemeanor, even though he engaged in conduct that undoubtedly met the government's standard for felony charges in all other January 6 cases. Now the Government hopes to defeat this motion because Epps was technically charged with a single misdemeanor and sentenced to probation. The Government's position "does not pass the smell test." *In re Guantanamo Bay Detainee Continued Access to Counsel*, 892 F. Supp. 2d 8,

28 (D.D.C. 2012). The fact is, Epps engaged in conduct far worse than anything Sahady is accused of, yet the Government gave Epps two full days to turn himself in, did not comb through his private text messages, gave him a pass for conduct that the government considered felonious for other defendants, and acted as his defense attorney by raising a defense on his behalf before even bringing charges. None of that can be said for Sahady. The single misdemeanor charge after almost three years should not allow the Government to defeat Sahady's selective prosecution claim on a technicality.

For these reasons, and the reasons provided by Sahady in prior briefing on this topic, Sahady's Motion to Compel Discovery in Support of His Claim of Selective Prosecution should be granted.

Dated: January 31, 2024				Respectfully submitted,

/s/ Eden P. Quainton
Eden P. Quainton
Bar No: NY 23017
Quainton Law, PLLC
2 Park Ave., 20th Fl.
New York, NY 10016
(212) 419-0575
eden.quainton@quaintonlaw.net

/s/ Jonathan Gross
Jonathan Gross, Esq.
Bar No.: MD 0126
Quainton Law, PLLC
2833 Smith Ave, Suite 331
Baltimore, MD 21209
(443) 813-0141
jonathansgross@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing is being served on opposing counsel via email on

January 31, 2023

/s/ Jonathan Gross