**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **v.** | **Case No. 21-CR-134 (CJN)** |
| **MARK SAHADY,** | |
| **Defendant.** | |

**UNITED STATES' NOTICE OF SUPPLEMENTAL AUTHORITY**
**REGARDING THE DEFENDANT'S SELECTIVE PROSECUTION FILINGS**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby provides notice to the Court of additional supplemental authority relevant to defendant Mark Sahady's selective prosecution filings, ECF Nos. 56, 74, 88, 90, 91, 97, 102, 109, and 112.

In a written ruling issued on June 10, 2024, in *United States v. Brown*, No. 22-cr-170 (CKK), Judge Kollar-Kotelly concluded that the defendant in that case "fail[ed] to make a 'credible showing of different treatment of similarly situated persons.'" *Brown*, 22-cr-170, ECF No. 105 at 9 (quoting *United States v. Armstrong*, 517 U.S. 456, 470 (1996)). In reaching that result, Judge Kollar-Kotelly acknowledged the numerous courts in this district that have rejected Portland riots as suitable comparators. ECF 105 at 7. Additionally, Judge Kollar-Kotelly rejected the defendant's pro-Palestine comparators remarking, "the Court cannot conclude at this time that the pro-Palestine protests are similarly situated. . ." *Id*. at 9. Moreover, Judge Kollar-Kotelly recognized that "the Capitol riot was 'the most significant assault on the Capitol since the War of 1812'" and therefore, such distinguishable and legitimate factors warrant different prosecutorial decisions. *Id*. (quoting *Trump v. Thompsons*, 20 F.4th 10, 18-19 (D.C. Cir. 2021)).

In a similar written ruling issued on June 17, 2024, in *United States v. Young*, No. 23-cr-241 (GMH), Judge Harvey concluded that the defendant in that case "d[id] not clear the demanding bar for successfully establishing selective prosecution[,]" *Young*, 23-cr-241, ECF No. 59 at 5. Specifically, Judge Harvey determined that the defendant "ma[de] no attempt to engage in the 'fact-intensive and case-specific comparative inquiry' . . . necessary[,]" *id.* at 6 (quoting *Frederick Douglass Found. v. District of Columbia*, 82 F.4th 1122, 1138 (D.C. Cir. 2023)), and failed to demonstrate the defendant was similarly situated to those implicated the Justice Kavanaugh confirmation protests, *id.* at 5–7, protests related to the death of George Floyd, *id.* at 7–11, and pro-Palestinian protests, *id.* at 11–13. Additionally, Judge Harvey acknowledged the numerous decisions in this district rejecting similar selective prosecution filings. *See id.* at 6 ("Multiple judges in this District have rejected a comparison between the protests against Justice Kavanaugh's confirmation and the events on January 6."), 10–11 ("[N]umerous judges in this District have found that the protests surrounding the death of George Floyd are not like events of January 6.").

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Car Number 481052

2

By:     */s/ Kaitlin Klamann*
        KAITLIN KLAMANN
        Assistant United States Attorney
        601 D Street NW
        Washington, DC 20530
        (202) 252-6778
        Kaitlin.Klamann@usdoj.gov
        IL Bar No. 6316768

        */s/ Nathaniel K. Whitesel*
        NATHANIEL K. WHITESEL
        Assistant United States Attorney
        DC Bar No. 1601102
        601 D Street NW
        Washington, DC 20530
        nathaniel.whitesel@usdoj.gov
        (202) 252-7759